***E-FILED - 6/24/11***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM FRETT, | No. C 10-3733 RMW (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO LOCATE UNSERVED DEFENDANTS |
| v. | |
| F. JACQUEZ, et al., | |
| Defendants. | |

Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2010, the court ordered service of the stated cognizable claims upon named defendants. On December 27, 2010, the court received two summonses which were returned unexecuted. Specifically, because the facility had no information on defendant Correctional Lt. L. Osborne, and defendant Correctional Officer C. Vasquez had been transferred, the facility would not accept service for either defendant. Accordingly, these two defendants have not been served.

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendants. See Fed. R. Civ. P. 4(m). In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court,

must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22.

Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve the above named defendants, plaintiff must remedy the situation or face dismissal of his claims against said defendants without prejudice.[1] See Walker, 14 F.3d at 1421-22. Such additional information may include the defendant's current assigned unit or assigned unit at the time of the allegations, or other more identifying information so that the Marshal can locate and determine the particular defendant to be served.

Accordingly, plaintiff must provide the court with accurate and current information for defendants Correctional Lt. L. Osborne and Correctional Officer C. Vasquez such that the Marshal is able to effect service upon them. **The Clerk of the Court shall send a copy of this order to the litigation coordinator at Pelican Bay State Prison, who is requested to provide to the court, as a courtesy, any forwarding address information that is available with respect to these defendants within thirty (30) days from the filing date of this order. If no further information is available from the litigation coordinator, and if plaintiff fails to provide the requested information within thirty (30) days, defendants Osborne and Vasquez will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

---

[1] Because the responsibility is on plaintiff to locate defendants for proper service, plaintiff's motion for entry of default is DENIED.

1     IT IS SO ORDERED.

2 DATED: 6/24/11

*Ronald M. Whyte*

3 RONALD M. WHYTE
United States District Judge