IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALCOLM FRETT, | ) | No. C 10-3733 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| v. | ) ) | |
| F. JACQUEZ, Warden, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed an civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants retaliated against him, in violation of his First Amendment rights. Defendants have filed a motion to dismiss for failure to exhaust and for failure to state a claim. Plaintiff has filed an opposition. Defendants have filed a reply. Having carefully considered the papers submitted, defendants' motion is GRANTED for the reasons stated below.

**FACTUAL BACKGROUND**

On November 8, 2008, plaintiff filed an administrative appeal ("602") against defendant J. Holben for sexually harassing him whenever he was in the shower. (Compl. at ¶ 9.) When plaintiff told Holben that he was going to file a staff complaint, Holben threatened him to drop the issue. (Id. at ¶ 10.) Plaintiff filed complaints with Osborne, McGuyer, and Jacquez informing them about Holben's misconduct. (Id. at ¶¶ 9-12.)

1    On November 15, 2008, Holben told plaintiff, "I told you that you needed to let that shit go the other day but you ratted me out anyway, so now go clean up your dirty ass cell." (Id. at ¶ 14.) When plaintiff got to his cell, he saw that his legal and personal property was strewn all over the cell floor, and was mixed together with his cellmate's property. (Id. at ¶ 15.) He noticed that Holben had damaged some of his property, so requested a receipt acknowledging the damage, and also asked to speak with the program sergeant. (Id. at ¶¶ 16-19.) Holben denied his requests. (Id. at ¶ 20.) Later, Holben began releasing inmates into the yard but when plaintiff asked to also be released, Holben responded, "Fuck you, snitches don't get yard when I work." (Id. at ¶¶ 23-25.)

When plaintiff's cellmate, T. Smith, learned about his property being mixed with plaintiff's, and being strewn all over the floor, he asked Holben why he did it, Holben acknowledged that he "hit" the cell and added, "The next time you ever think about writing my supervisors[,] just remember who you're fucking with." (Id. at ¶¶ 27-28.) Smith told Holben that he and plaintiff were going to write him up for retaliating against them, and Holben said that they "are going to learn about snitching and ratting on [correctional officers]." (Id. at ¶¶ 29-30.)

On November 20, 2008, defendants Vasquez and Gil, friends of Holben's, conducted a cell search of plaintiff's cell and took all of plaintiff's and Smith's property out of their lockers and left them all mixed up together on the cell floor. (Id. at ¶ 31.) That same day, plaintiff filed an administrative appeal against Holben, Vasquez, and Gil for their parts in damaging plaintiff's property, and messing up his cell. (Id. at ¶ 32.) As a result of the investigation, plaintiff learned that defendants violated CDCR policy. (Id.)

On November 24, 2008, plaintiff and Smith were placed in administrative segregation pending an investigation into an allegation that they conspired to commit battery on a peace officer – Holben – with a deadly weapon. (Id. at ¶ 33.) Plaintiff and Smith maintained their innocence, but were charged with conspiracy to commit murder based on confidential information. (Id. at ¶¶ 34-37.) The charge was eventually changed to conspiracy to assault a non-inmate with a weapon or force capable of mortal injury, and they were found guilty. (Id. at ¶¶ 38-52.) Plaintiff was assessed a 180-day forfeiture, and a 28-month sentence in the Secured

Housing Unit. (Id. at ¶ 52.)

## DISCUSSION

A.   Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 215-17 (2007). A movant claiming lack of exhaustion must demonstrate that pertinent relief remains available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422

1  F.3d 926, 936-37 (9th Cir. 2005).

2  B.       Analysis

3    In plaintiff's complaint, he alleges that prison officials retaliated against him. Specifically, plaintiff claims that because he complained that Holben sexually harassed him when plaintiff was in the shower, (1) Holben retaliated against him by destroying his property during an intentional cell search; (2) Vasquez and Gil, friends of Holben, retaliated against him by conducting a cell search and destroying his property; and (3) prison officials retaliated against him by filing a false charge of conspiracy to murder Holben.  Defendants move to dismiss this action, arguing that plaintiff has not exhausted his administrative appeals with regard to any of his retaliation claims.  Plaintiff responds that, for Claims 1 and 3, he should be excused from exhausting, and, his administrative appeal, PBSP-08-3392, properly exhausted Claim 2.

  Inmate Appeals Coordinator Nimrod declared that the appeals office keeps a record of all appeals submitted by prisoners, and accepted by the office. (Decl. Nimrod at ¶ 5.)  Between November 1, 2008, and August 30, 2010, the appeals office recorded three appeals filed by plaintiff:  PBSP-08-3392, PBSP-09-0396, and PBSP-09-1201.  (Id. at ¶¶ 6, 9-11)

  In the first appeal, PBSP-08-3392, plaintiff stated he was filing a citizen's complaint against Holben for conducting a cell search, and destroying his property.  (Id., Ex. A.)  Plaintiff also stated that Holben failed to give plaintiff notice that he confiscated and destroyed one compact disc and one electric shaver.  (Id.)  Plaintiff submitted the appeal on November 20, 2008.  (Id.)  As part of his request for relief, plaintiff requested that no retaliation be taken against him, and stated, as an example, that on November 20, 2080, his cell was ransacked again by Vasquez and Gil in retaliation for some unspecified reason.  (Id.)  The response at the second level of appeal concluded that staff violated CDCR policy.  (Id.)  Plaintiff filed an appeal at the Director's level, arguing that he wanted to be reimbursed for the damaged property.  (Id.)  The Director's level response denied plaintiff's request for modification of the partial grant.  (Id.)

  In his second appeal, PBSP-09-0396, plaintiff challenged the disciplinary decision finding him guilty of conspiracy to commit the murder of Holben because of lack of evidence and procedural defects.  (Id., Ex. B.)  At the second level of review, plaintiff's request to vacate

1  the findings based on a lack of evidence was denied, but his allegation to re-hear the allegation
2  based on the originally charged "conspiracy to commit battery on a peace officer" was granted.
3       In his third appeal, PBSP-09-1201, plaintiff argued that there was no evidence of a
4  deadly weapon, and requested a new charge of conspiracy to batter, without the deadly weapon
5  charge.  (Id., Ex. C.)  The appeal was denied.

          a.     Claims 1 and 3

7       Defendants argue that PBSP-08-3392 does not exhaust Claim 1 because plaintiff never
8  alleged that Holben searched his cell or destroyed his property in retaliation for plaintiff's filing
9  a complaint about him.  A review of the appeal reveals that plaintiff's grievance against Holben
10 only argues that Holben failed to document that he confiscated and damaged some of plaintiff's
11 property.  There is no indication in PBSP-08-3392 that plaintiff claimed that retaliation was the
12 impetus to the cell search or damaged property.
13      Defendants also argue that PBSP-09-0396 and PBSP-09-1201 – the grievances
14 concerning his disciplinary charge of conspiracy to murder or batter Hoblen – do not exhaust
15 Claim 3 because they contain no hint that plaintiff was claiming the charges were false, or
16 motivated by retaliation for filing sexual harassment complaints against Holben.
17      Plaintiff concedes that his three exhausted appeals described above did not serve to
18 exhaust Claim 1 – that Holben destroyed his property to retaliate against him for filing a sexual
19 harassment complaint against him, or Claim 3 – that prison officials filed a false charge of
20 conspiracy to batter a peace officer to retaliate against him for filing a sexual harassment
21 complaint against Holben.  Regarding the allegation of retaliation by Holben, plaintiff argues
22 that on November 8, 2008 he filed a grievance against Holben for sexual harassment.  (Opp. at 2;
23 Decl. Pl. at ¶ 1.)  He states that he never received a receipt of a log number, so wrote several
24 "request for interview forms" on unspecified dates to the appeals coordinator and the warden,
25 inquiring into the status of his complaint but never received a response.  (Decl. Pl. at ¶ 2.)
26      There is an exception to the requirement of exhaustion.  To satisfy this exception, an
27 inmate must show: "(1) that he actually filed a grievance or grievances that, if pursued through
28 all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to

pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp v. Kimbrell, 623 F.3d 813, 823-24 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1223 (9th Cir. 2010) (holding failure to exhaust is excusable if the prisoner is prevented from pursuing administrative remedies, even if it is through prison staff negligence, not an overt act of obstruction).

Here, even assuming the truth of plaintiff's statements that he filed a grievance against Holben for sexually harassing him in the shower, that grievance, "if pursued through all levels of administrative appeals," would not have sufficed to exhaust the retaliation claim that Holben searched his cell and destroyed his property in retaliation for plaintiff's filing a complaint against him for sexual harassment. It would only have exhausted a claim that Holben sexually harassed plaintiff in the shower, which would have been insufficient to exhaust a Claim 1. Such a grievance does not have the same subject or same request for relief as that in Claim 1 of plaintiff's federal complaint. See, e.g., Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault); O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062, 1063 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act). Accordingly, defendants have demonstrated that plaintiff failed to exhaust Claim 1.

Regarding plaintiff's attempt to exhaust Claim 3, plaintiff argues that, on February 2, 2009, he filed a grievance against Holben and the "ICC" for retaliating against him by falsely charging him and finding him guilty of conspiracy. (Decl. Pl. at ¶ 10; Compl. at ¶ 44.) Plaintiff alleges that he never received a response or a receipt acknowledging the grievance. (Decl. Pl at ¶ 11; Compl. at ¶ 44.) However, plaintiff has failed to provide consistent factual information

concerning to whom he gave the appeal,[1] whether he submitted follow-up inquiries regarding this appeal, or whether he attempted to resubmit the appeal once he received no response. See Stewart v. Evans, 2010 WL 3734874, * 6 (N.D. Cal. 2010). Moreover, plaintiff has failed to provide a copy of the staff complaint he allegedly submitted.

      Plaintiff intimated, in conclusory fashion, that officials destroyed or lost his appeal. However, he provides no facts or evidence to support this conclusion, and fails to demonstrate that he inquired about the status of the appeal, or attempted to re-file the appeal once he heard nothing further. Similarly, plaintiff did not assert that he filed a new administrative grievance challenging the refusal of prison officials to provide review of the subject grievance. Thus, plaintiff has provided no basis to conclude that he made a bona fide effort to obtain review of his grievances, and that such review was "effectively unavailable." Nunez, 591 F.3d at 1226.

      On this record, the court cannot find that plaintiff has rebutted defendants' evidence of plaintiff's failure to exhaust Claim 3. Because plaintiff is required to exhaust his claims through three levels of appeals, it is insufficient for him to simply submit a first appeal and then consider it exhausted because he heard nothing further, and then take no further action to inquire or appeal to the next level. Plaintiff has not demonstrated that he "took reasonable and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not through his own fault but by [a third party]." Nunez, 591 F.3d at 1224. Plaintiff must make an effort to exhaust his appeals through all three levels of review before he files a complaint in federal court. See Brown, 422 F.3d at 934-35; Bassett v. Callison, 2010 WL 5393985, * 6-7 (plaintiff failed to rebut evidence that he complied with administrative grievance process); Stutzman v. Wilson, 2009 WL 2901634, * 3-4 (C.D. Cal. 2009) (plaintiff must still pursue remaining levels of review even if his lower level grievances were ignored or improperly rejected); Davis v. Evans, 2008

---

[1] In plaintiff's complaint, he asserts that on an unspecified date, he submitted a grievance to Warden Jacquez. (Compl. at ¶ 44.) In his declaration, he asserts that on February 2, 2009, he filed a 602, but does not explain how he submitted the grievance. (Decl. Pl. at ¶ 10.) Finally, his cellmate, T. Smith, declares that on February 2, 2009, he and plaintiff submitted grievances regarding the same underlying issue via institutional mail, presumably to the appeals coordinator. (Decl. Smith at ¶ 9.)

1  WL 818534, *4 (N.D. Cal. 2008) (inmate failed to submit higher level appeals after receiving no
2  response to his initial informal 602 appeal); see also Roman v. Knowles, 2011 WL 3741012
3  (S.D. Cal. 2011) (recognizing that plaintiff's argument that he should be excused from
4  exhaustion because he submitted grievances but they were ignored was undermined, given that
5  plaintiff successfully exhausted grievances involving the same defendants around the same time
6  period, which demonstrated plaintiff's capability and willingness to follow through).

7  Thus, because plaintiff concedes that Claims 1 and 3 were not exhausted through the
8  administrative appeal process, and he has not satisfied his burden of demonstrating that either
9  claim is excused from exhaustion, the court concludes that Claims 1 and 3 are unexhausted.

    b. Claim 2

11  Defendants argue that PBSP-08-3392 does not exhaust Claim 2 because in the grievance,
12  plaintiff never alleged that Vasquez or Gil searched his cell or destroyed his property in
13  retaliation for plaintiff's filing a complaint about Holben for sexual harassment.  A review of the
14  appeal reveals no evidence that plaintiff claimed the November 20, 2008 cell-search retaliation
15  by Vasquez and Gil was motivated by plaintiff's complaint of sexual harassment against Holben.

16  Plaintiff responds that he clearly alleges that Vasquez and Gil retaliated against him on
17  November 20, 2008 by "demolishing" his cell. (Opp. at 3.)  Plaintiff further notes that the appeal
18  response confirms plaintiff's allegation. (Id.)  Finally, plaintiff asserts that, after investigation,
19  the appeals office acknowledged that "staff" violated CDCR policy. (Id.)

20  "The level of detail necessary in a grievance to comply with the grievance procedures
21  will vary from system to system and claim to claim, but it is the prison's requirements, and not
22  the PLRA, that define the boundaries of proper exhaustion."  Jones, 549 U.S. at 218.  In
23  California, the regulation requires the prisoner "to lodge his administrative complaint on CDC
24  form 602 and 'to describe the problem and action requested.'"  Morton, 599 F.3d at 946 (quoting
25  Cal. Code Regs. tit. 15 § 3084.2(a)).  In light of the absence of any mention in the California
26  regulation about the requisite level of factual specificity, "'a grievance suffices if it alerts the
27  prison to the nature of the wrong for which redress is sought.'"  Griffin, 557 F.3d at 1120
28  (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).  Administrative remedies are not

exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. See generally O'Guinn, 502 F.3d at 1062-63.

While it is true that plaintiff did state in PBSP 08-3392 that Vasquez and Gil retaliated against him by searching his cell on November 20, 2008, plaintiff did so under the section titled, "Action Requested," and mentioned it as an example in support of his request that he be free from reprisals. Plaintiff did not assert a retaliation claim against Vasquez and Gil as a separate claim. That is, in the section where prisoners "describe the problem," plaintiff only complains that Holben searched his cell, destroyed some of his property, and failed to properly give notice or reimburse him for the damages. (Decl. Nimrod, Ex. B.)

The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." Griffin, 557 F.3d at 1120. As stated on plaintiff's grievance form, his description of the problem included no allegation that Vasquez or Gil retaliated against him by searching his cell for filing a sexual harassment claim against Holben. As the grievance reads, it was insufficient to put prison officials on notice of plaintiff's federal claim that Vasquez and Gil conducted a cell search in retaliation for plaintiff's filing a sexual harassment claim against Holben. See Morton, 599 F.3d at 946.

Moreover, defendants submit an audio-recorded interview between Lieutenant Vanderhoofven and plaintiff on December 5, 2008, which is done in the ordinary order of business for the purpose of allowing prisoners the opportunity to clarify their complaints. (Decl. Vanderhoofven at ¶¶ 3-4.) The recording demonstrates that during the interview, although given an opportunity to explain his grievance and all encompassing issues in more detail, plaintiff and Vanderhoofven merely discuss plaintiff's damaged property, and plaintiff makes no mention of Vasquez, Gil, or any allegation of retaliation. (Decl. Vanderhoofven, Ex. A.)

Here, PBSP-08-3392, liberally construed, does not have the same subject and same request for relief as plaintiff's federal claim against Vasquez and Gil. See, e.g., Morton, 599 F.3d at 946. Plaintiff's grievance is insufficient to alert the prison to a claim that Vasquez and Gil retaliated against him for filing sexual harassment complaint against Holben, or to facilitate resolution of this claim. See Griffin, 557 F.3d at 1120. The grievance does not include

sufficient information "to allow prison officials to take appropriate responsive measures." Id. (citation and internal quotation omitted) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order).

Accordingly, Claim 2 is unexhausted.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.[2]  Judgment shall be entered in favor of defendants.  The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

---

[2] Because the court grants defendants' motion to dismiss for failure to exhaust, it is unnecessary to discuss defendants' alternative arguments for dismissal.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM FRETT,<br><br>        Plaintiff,<br><br>    v.<br><br>F JACQUEZ et al,<br><br>        Defendant._____/ | Case Number: CV10-03733 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malcolm Frett T37449
High Desert State Prison
C8-101-P
PO Box 3030
Susanville, CA 96127

Dated: March 6, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk